NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KIMBERLY CRISTEL GALLEGOS, *Appellant.*

No. 1 CA-CR 25-0224

FILED 07-01-2026

Appeal from the Superior Court in Maricopa County
CR2024-106589-001
The Honorable Suzanne Marie Nicholls, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1 Kimberly Cristel Gallegos appeals her conviction for criminal damage, a class five felony, and resulting sentence. Gallegos' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that after a diligent search of the record, no arguable questions of law exist. Counsel asks this Court to search the record for reversible error. Gallegos had the opportunity to file a supplemental brief but did not do so. After reviewing the record, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2 This Court views the facts "in the light most favorable to sustaining the [conviction] and resolve[s] all reasonable inferences against [Gallegos]." *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3 In December 2023, Gallegos stabbed the passenger side windshield and passenger side window of a blue Honda, repeatedly causing damage to it. Gallegos then drove another car onto the sidewalk, across a front yard and into the rear bumper of the blue Honda before driving off. Home security cameras caught these acts on video. The police reviewed the camera footage, took photos of the damage to the car and interviewed the victims, who identified Gallegos as the perpetrator.

¶4 The State charged Gallegos on one count of criminal damage, a class five felony, for damage to property between $2,000 and $10,000. A.R.S. § 13-1602(A). Counsel represented Gallegos at all critical proceedings and Gallegos exercised her right to a jury trial. At trial, the first victim testified that she watched Gallegos repeatedly damage the blue Honda. Another victim also testified about the security camera footage and the damage he saw Gallegos cause. He further testified that he and the other owner of the Honda never gave Gallegos permission to damage it. A third witness, a car damage estimator, testified to the cost of repairs for the

damage to the windshield and rear of the car. Finally, a police detective testified that the estimated damage from Gallegos' actions was $4,894.62.

**¶5**          The jury found Gallegos guilty of criminal damage in an amount of more than $2,000 but less than $10,000. The jury also found the damage to the property supported an aggravating circumstance. The court conducted the sentencing hearing in compliance with Gallegos' constitutional rights and Arizona Rule of Criminal Procedure ("Rule") 26. It sentenced Gallegos to a three-year term of supervised probation, with conditions that she complete anger management counseling and serve thirty days in jail. The court also ordered restitution.

**¶6**          Gallegos timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶7**          This Court has read and considered counsel's brief and has reviewed the record for arguable issues of fundamental error, *see Leon*, 104 Ariz. at 300. It finds none.

**¶8**          The record shows the court afforded Gallegos all her constitutional and statutory rights and that it conducted the proceedings in compliance with the Arizona Rules of Criminal Procedure. Counsel represented Gallegos at all critical stages of the proceedings. And the sentence imposed was within the statutory guidelines.

**¶9**          This Court notes that Gallegos' trial counsel failed to appear at two separate proceedings leading up to trial, once due to conflicting court proceedings in another case and the second due to a vacation. Both times, the court declined to address any substantive legal matters affecting Gallegos' rights and continued the proceedings to another date when her trial counsel would be available. This inconvenience does not raise an arguable issue of reversible error. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991) (total deprivation of the right to counsel constitutes structural error and is not harmless suggesting something less is harmless). The court's prohibition on discussing substantive matters protected Gallegos' right to counsel and prevented error. The court reset the final trial management conference, ensuring Gallegos' right to counsel. And since Gallegos was present in both instances, she received actual notice of the new final trial management conference and trial date. Ariz. R. Crim. P. 9.1.

**¶10**          This Court also notes that during sentencing, the court referred to Gallegos' lack of remorse. A court may not consider lack of

remorse or failure to admit guilt when imposing an aggravated sentence. *State v. Trujillo*, 227 Ariz. 314, 318, ¶ 15 (App. 2011). Here, the court's reference to remorse occurred after the court determined that the jury had found one aggravator and that no other aggravators were proven. After making those findings the court said,

> [s]o, outside of that the [c]ourt finds the defendant's lack of remorse, her lack of compliance with pretrial services. The [c]ourt notes the pretrial services report indicates that the defendant failed to report to pretrial services since September 26, 2024, and all efforts to contact her have failed.

With that, the court observed that Gallegos did not "appear to this [c]ourt . . . that [she did not] take any of this to be serious in nature" making the court "concerned for [Gallegos] and [her] success on probation." The context of the court's comments show they did not concern Gallegos' lack of remorse or failure to admit guilt to criminal damage. Rather, the court was articulating its concern about Gallegos' ability to succeed on probation given her lack of effort in complying with other court orders. Thus, the court's comment does not raise an arguable issue of reversible error.

**¶11** Upon the filing of this decision, defense counsel shall inform Gallegos of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Gallegos shall have thirty days from the date of this decision to proceed, if she desires, with *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶12** This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

4